TOWN OF SOUTHBRIDGE *vs.* SOUTHBRIDGE WATER SUPPLY COMPANY.

Suffolk. December 5, 1991. - January 14, 1992.

Present: LIACOS, C.J., ABRAMS, NOLAN, & GREANEY, JJ.

*Southbridge Water Supply Company. Public Utilities,* Value. *Statute,* Construction. *Water Company. Municipal Corporations,* Water supply. *Value. Words,* "Actual cost."

The term "actual cost" as used in St. 1880, c. 73, § 7, the special act that chartered the Southbridge Water Supply Company, means the original cost of plant less accrued depreciation, a definition in substantially the same terms as are regularly employed in determining the rate base of the company and other regulated utilities in the Commonwealth for rate setting purposes. [676-677]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on November 1, 1988.

The case was reported by *Lynch,* J.

*Jeffrey Swope* (*Harvey Nosowitz* with him) for the plaintiff.

*Mark A. Michelson* (*Douglas W. Salvesen* with him) for the defendant.

NOLAN, J. This is the second time in which the parties have been before the court and the issue in this case is precisely the same issue which we decided in *Southbridge* v. *Southbridge Water Supply Co.,* 371 Mass. 209 (1976) (*Southbridge I*), that is, the meaning of the term "actual cost," as it is used in St. 1880, c. 73, § 7, the special act which chartered the Southbridge Water Supply Company (company).

We turn to the stipulation of facts filed by the parties for the factual background. The plaintiff, town of Southbridge (town), is a municipal corporation located in Worcester

County. The company began furnishing water to the inhabitants of Southbridge in 1881 and later to the inhabitants of Charlton and Sturbridge. Its real estate includes reservoirs in Southbridge, Sturbridge, and Woodstock, Connecticut.

In 1972, a town water supply committee was authorized at a special town meeting to negotiate for the purchase of the company pursuant to § 7 of the charter which is set forth in full in the margin.[1] The parties were unable to agree as to the meaning of "actual cost" in § 7.

As a result, the town filed a petition for declaratory judgment against the company in the Supreme Judicial Court for the county of Suffolk. A single justice transferred the matter to the Superior Court where a judge reported the case to the Appeals Court and we then granted a joint application for direct appellate review. The court responded by defining "actual cost" as used in § 7 as "original cost of plant, less accrued depreciation." *Southbridge I, supra* at 216. The court adopted this meaning because such meaning has been "employed regularly by the Department of Public Utilities and approved by this court in determining the rate base of the company and of other regulated utilities in the Commonwealth for rate setting purposes." *Id.*

The company argues that we should change the definition of "actual cost" in the light of our decision in *Oxford* v. *Oxford Water Co.*, 391 Mass. 581 (1984), which was decided eight years after *Southbridge I*, and which interpreted the term "actual cost" within the framework of the Oxford

---

[1] Section 7 of St. 1880, c. 73, provides as follows: "The town of Southbridge and any fire district that may be established, shall have the right at any time during the continuance of the charter hereby granted, to purchase the corporate property and all the rights and privileges of said company *at the actual cost* of the same, or if mutually agreed upon between said corporation and said town or any fire district which may be hereafter established in said town, at a less price; and said corporation is hereby authorized to make sale of the same to said town or such fire district; but such authority to purchase said franchise and property is granted to said town upon the condition that the same is assented to by said town by a two-thirds vote of the voters present and voting thereon at any annual meeting or at a legal meeting called to act on that subject" (emphasis supplied).

Water Company charter and the record before the court in that case. We decline to do so, because *Oxford* did not overrule *Southbridge I* either expressly or impliedly. It distinguished *Southbridge I* with the following language: "Although much of the holding in *Southbridge* is applicable to the record before us, we do not feel bound to accept here that case's definition of 'actual cost.' In *Southbridge*, the company contended that the 'actual cost' was 'the full cost of the creation of the present system in its present condition.' *Id.* at 215. This included, the company claimed, every single expenditure made by the company relative to 'the planning, acquisition, construction, erection, installation, preparation, creation and preservation of the present functioning system.' *Id.* Faced with the choice between such a complex and unworkable definition of 'actual cost' and the relatively straightforward calculation based on the company's rate base, the court understandably opted for the latter. In contrast, the record now before us presents two equally workable definitions of 'actual cost.' We, therefore, reconsider the definition of 'actual cost' in light of the facts and arguments applicable to this case." *Oxford, supra* at 586.

We need not consider arguments of the parties in this case concerning the effect of *Southbridge I* on issue preclusion because this case in relationship to *Southbridge I* represents more than mere identity of parties and issues. For all practical purposes, it is the same case and we have not been persuaded to change the declaration which we made in *Southbridge I, supra* at 216, that "actual cost" within the meaning of § 7 of the charter means "original cost . . . less accrued depreciation." Judgment is entered dismissing the complaint.

*So ordered.*